Amir Amiri (Cal. Bar No. 271224)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
E-mail: aamiri@jonesday.com

*Attorneys for Corinne Ball in her capacity as
chapter 11 trustee of the Soundview Debtors*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERTI MUHO,<br><br>        Plaintiff,<br><br>    v.<br><br>CITIBANK, N.A.,<br><br>        Defendant. | CASE NO.: 4:14-CV-03219-DMR<br><br>**NOTICE OF SUGGESTION OF BANKRUPTCY** |

**PLEASE TAKE NOTICE THAT** on September 24, 2013 (the "Petition Date"), Soundview Elite Ltd., Soundview Premium, Ltd., Soundview Star Ltd., Elite Designated, Premium Designated and Star Designated (the "Debtors"), filed voluntary petitions for relief in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' bankruptcy cases are currently pending and being jointly administered under case number 13-13098 (REG). By a notice dated January 31, 2014 (Soundview Docket No. 160), the U.S. Trustee appointed Corinne Ball to serve as the chapter 11 trustee for the Debtors (the "Trustee") and the Bankruptcy Court approved the appointment of Corinne Ball as Trustee on February 3, 2014 (Soundview Docket No. 164).

**PLEASE TAKE FURTHER NOTICE THAT** Debtor Soundview Elite is a party in interest in the above-captioned case (the "Proceeding") because the allegations of plaintiff Gerti

Muho (the "Plaintiff") involve accounts that Plaintiff holds at Citibank, N.A. (the "Plaintiff's Accounts") and that are subject to this Proceeding. Citibank, N.A. froze the Plaintiff's Accounts in accordance with a temporary restraining order issued by the U.S. District Court for the Southern District of New York in the case captioned *Soundview Elite Ltd. and Vanquish Fund v. Gerti Muho and Leveraged Hawk, Inc.*, (Case No. 13-cv-06895) (the "New York Action"). The temporary restraining order in the New York Action is attached hereto as Exhibit A. The New York Action concerned allegations that the Plaintiff's Accounts held funds rightfully belonging to Debtor Soundview Elite. The New York Action ultimately resulted in a default judgment against the Plaintiff, which is attached hereto as Exhibit B, and is now closed. Plaintiff never appealed the default judgment. The Trustee is now actively engaged in trying to collect the judgment issued by the court in the New York Action.

**PLEASE TAKE FURTHER NOTICE THAT**, in accordance with the automatic stay imposed by section 362 of the Bankruptcy Code (the "Automatic Stay"), no party may commence or prosecute any cause of action outside of the Bankruptcy Court either against the Debtors or that would otherwise impact the Debtors or their property, without first obtaining an order from the Bankruptcy Court lifting the Automatic Stay for such specific purpose.

**PLEASE TAKE FURTHER NOTICE THAT**, actions taken in violation of the Automatic Stay, and judgments entered or enforced against the Debtors while the Automatic Stay is in effect, are void *ab initio* and without effect, and parties violating the Automatic Stay may be subject to sanction.

**PLEASE TAKE FURTHER NOTICE THAT**, the Automatic Stay applies to this Proceeding as it relates to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT**, in light of the foregoing, the Proceeding cannot proceed or otherwise go forward with respect to the Debtors or the Debtors' assets or liabilities, and the Debtors may not take any further action during the pendency of their bankruptcy cases to participate in the Proceeding.

**PLEASE TAKE FURTHER NOTICE THAT**, the Debtors hereby expressly reserve all their rights with respect to the Proceeding, including, but not limited to, the right to move to vacate any judgment entered in the Proceeding as void.

**PLEASE TAKE FURTHER NOTICE THAT**, this notice is not intended to, nor should it be deemed to be, an appearance in this Proceeding on behalf of the Debtors or the Trustee by Jones Day.

Dated:   July 25, 2014                                  JONES DAY

                                                        By:   ___/s/ Amir Amiri_____
                                                              Amir Amiri

                                                        *Attorneys for Corinne Ball in her capacity as*
                                                        *chapter 11 trustee of the Soundview Debtors*

**<u>EXHIBIT A</u>**

Peter C. Harvey
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Phone: (212) 336.2810
Facsimile: (212) 226.2222
Email: pcharvey@pbwt.com

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY  FILED            │
│ DOC #:_____            │
│ DATE FILED: 10/16/13             │
└─────────────────────────────────┘
```

*Attorneys for Plaintiffs Soundview Elite LTD.,*
*and Vanquish Fund Ltd.*

- - - - - - - - - - - - - - - - - - - - - - - - - - x:
UNITED STATES DISTRICT COURT
: SOUTHERN DISTRICT OF NEW YORK
:
:
:
:
SOUNDVIEW ELITE LTD., and :
VANQUISH FUND LTD., :
:
Plaintiffs, : Civil Action No. 13 cv 06895 (AT)
:
-against- : **ORDER TO SHOW CAUSE WITH**
: **~~[PROPOSED]~~ TEMPORARY**
GERTI MUHO and LEVERAGED : **RESTRAINING ORDER FOR A**
HAWK, INC. : **PRELIMINARY INJUNCTION, ORDER OF**
: **ATTACHMENT, AND ORDER**
Defendants. : **PERMITTING EXPEDITED DISCOVERY**
- - - - - - - - - - - - - - - - - - - - - - - - - - x

   THIS MATTER HAVING BEEN OPENED TO THE COURT upon the accompanying

Summons and Complaint of Plaintiffs Vanquish Fund Ltd. and Soundview Elite Ltd. ("The

Funds") and the attached exhibits, the Affidavits of Floyd Sunders and Jane Metcalf, Esq., both

sworn to on October 9, 2013, the Certification of Peter C. Harvey, Esq., sworn to on October 11,

2013, and the accompanying Memorandum of Law submitted in support of this Order; and for

good cause shown,

AND, Plaintiffs having moved by this Order to Show Cause, pursuant to New York Civil Practice Law and Rules Section 6201 *et seq.* and Rules 64 and 65 of the Federal Rules of Civil Procedure, for an order freezing of the Defendants' assets and for and order of attachment and limited expedited discovery; and

IT APPEARING that Plaintiffs are entitled to possession of assets in the amount of $2,067,337.24 (the "Assets") by virtue of the facts set forth in the aforementioned Complaint, Affidavits of Floyd Sunders and Jane Metcalf, and exhibits thereto, that the Assets are wrongfully held by the Defendants, and that there is probable cause to believe that at least some of the Assets are held at Citibank, the location specified in the Affidavit of Floyd Saunders, and that unless an order freezing the Assets is granted thereby preserving the *status quo*, it is probable that the Assets will become unavailable by reason of being transferred, concealed, dispersed, disposed of, removed from the state, or depleted; IT IS HEREBY

ORDERED, that the Defendants Gerti Muho and Leveraged Hawk, Inc. appear before this Court in Courtroom *15D* of the Daniel Patrick Moynihan United States Courthouse, Southern District of New York, 500 Pearl Street, New York, New York, on October *22*, 2013, at __*3*__ o'clock *p*.m., or as soon thereafter as counsel can be heard, to show cause why this Court should not, pursuant to Rule 65 of the Federal Rules of Civil Procedure, issue a preliminary injunction, pending the final hearing and determination of this action, enjoining and restraining Defendants, their agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, including Citibank, from withdrawing, selling, assigning, pledging, moving, transferring, or otherwise disposing of the Assets, wherever located, including documents authenticating the Assets and documents revealing the location of

2

the Assets, in any medium such information may be kept, filed or stored, except upon direction of the Sheriff or pursuant to an order of this Court; and it is further

ORDERED, that pending the hearing and determination of the motion for preliminary injunction, Defendants, any of their agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with any of them, including Citibank (together, the "Asset Restrained Parties") are temporarily enjoined and restrained from withdrawing, selling, assigning, pledging, moving, transferring, or otherwise disposing of the Assets, wherever located, or from permitting the Assets to become subject to a security interest or lien, except as otherwise provided in this Order; and it is further

ORDERED, that Defendants should show cause why this Court should not, pursuant to Federal Rule of Civil Procedure ("FRCP") 64 and New York Civil Practice Law and Rules ("CPLR") Section 6201 *et seq.*, direct the Sherriff of New York County to levy, pursuant to CPLR 6214, upon any funds, property, investments, and assets owned by Defendants, or any person or entity that has control, interest, signature authority, relationship, or influence upon any such funds, including but not limited to any funds, property, securities, or assets held at Citibank, including in Account No. 20563125, up and until the amount of $2,067,337.24, of which shall be delivered to the Sherriff, and it is further

ORDERED, that within 3 business days of the entry of this Order, Plaintiffs post an undertaking with the Clerk of the Court in the form of a bond, cash or check in the amount of $500 *10,000* as security for the payment of such costs and damages as may be incurred or suffered by any party as a result of any undue harm caused by this Order, and that such undertaking, in the form of check or cash, shall be held in an interest-bearing account; and it is further

3

ORDERED, that service of this Order, together with copies of the papers in support

thereof, shall be made, ~~within 5 business days of the undersigned date~~ *by October 21, 2013* on the Defendants (but in

any event, not in advance of the execution of any Order entered by this Court attaching and/or

freezing the Assets); and it is further

ORDERED, that the Defendants are hereby put on notice that failure to attend the Show

Cause Hearing scheduled herein shall result in the immediate issuance and confirmation of the

preliminary injunction and that the failure of the Defendants to respond to the Order to show

cause by the allotted time shall result in the automatic issuance of a preliminary injunction,

which shall be deemed to take effect immediately and shall extend during the pendency of this

action.  The Defendants shall be deemed to have actual notice of the issuance and terms of such

preliminary injunction, and that any act by any of the Defendants in violation of its terms may be

considered and prosecuted as contempt of this Court; and it is further

~~ORDERED, that answering papers, if any, must be personally served on Plaintiffs'~~

~~counsel, Peter C. Harvey, Esq., Patterson Belknap Webb & Tyler LLP, at the firm's offices~~

~~located at 1133 Avenue of the Americas, New York, New York 10036, on or before _____,~~

~~2010, at _____ .m.; and it is further~~

~~ORDERED, that Defendant Muho shall appear for deposition on November ___, 2013 and~~

~~that Plaintiff may serve interrogatories and document requests on Muho, which interrogatories~~

~~shall be answered and documents produced  no later than 10 days prior to the deposition; and it is~~

~~further~~

ORDERED, that Defendants should show cause why Plaintiffs may not serve limited

expedited non-party discovery on banks and financial institutions, including but not limited to

4

Citibank, located in New York where defendants may hold assets or have transacted business, as detailed in the accompanying memorandum of law.

DATED: New York, New York
        October *16*, 2013

      Issued at *11:27a* .m.


_____
United States District Judge

**<u>EXHIBIT B</u>**

Peter C. Harvey
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Phone: (212) 336.2810
Facsimile: (212) 226.2222
Email: pcharvey@pbwt.com

*Attorneys for Plaintiffs Soundview Elite LTD.,
and Vanquish Fund Ltd.*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/4/14
```

- - - - - - - - - - - - - - - - - - - - - - - - - - x:  **UNITED STATES DISTRICT COURT**
                                         :  **SOUTHERN DISTRICT OF NEW YORK**
                                         :
                                         :

SOUNDVIEW ELITE LTD., and       :
VANQUISH FUND LTD.,          :
                                        :

             Plaintiffs,      :    Civil Action No. 13 cv 06895 (AT)
                                         :

       -against-          :    **DEFAULT JUDGMENT**
                                         :

GERTI MUHO and LEVERAGED    :
HAWK, INC.                   :
                                         :

            Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

      **THIS ACTION HAVING BEEN COMMENCED** on September 27, 2013 by

the filing of the Summons and Complaint; and a copy of the Summons and Complaint having

been personally served on the Defendant Leveraged Hawk, Inc., on October 1, 2013, by

personally delivering a copy of the Summons and Complaint to Registered Agent Solutions, Inc.,

an authorized agent, and on the Defendant Gerti Muho, on October 2, 2013, by personally

delivering a copy of the Summons and Complaint to a person of suitable age and discretion

residing in the Defendant Gerti Muho's usual place of abode; and proof of service upon both

Defendants having been filed on October 2, 2013; and the Defendants not having answered the Complaint; and the time for answering the Complaint having expired, it is

**ORDERED, ADJUDGED and DECREED** that:

Plaintiffs have judgment against Defendants Gerti Muho and Leveraged Hawk, Inc., jointly and severally, in the liquidated amount $2,067,377.24, with interest at 9%, from August 8, 2013 up to and including  April 4    2014,  amounting to $121,832.81 plus costs of this action in the amount of  $4,975.84, as well as punitive damages in the amount of $   0          amounting in all to $ 2,194,185.89 .

**IT IS SO ORDERED.**

Dated:  April 4, 2014
            New York, New York

_____
ANALISA TORRES
United States District Judge

2