**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERTI MUHO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITIBANK N.A. *et al.*,<br><br>　　　　Defendant(s). | Case No.: 14-CV-3219 YGR<br><br>**ORDER CLARIFYING BRIEFING SCHEDULE, EXCUSING LATE FILINGS, VACATING ORAL ARGUMENT** |

## INTRODUCTION

This Order clarifies the deadlines applicable to the Motion to Dismiss the complaint of *pro se* plaintiff Gerti Muho filed by defendant Citibank N.A. (Dkt. No. 9 ("Motion").) In doing so, it demonstrates the application of this Court's Local Rules regarding calculation of deadlines, as well as Federal Rule of Civil Procedure 6, in a particular type of case where confusion may arise—cases where (1) the plaintiff is proceeding *pro se* and is not registered as a user of the Court's electronic case filing system ("ECF") and (2) the case is reassigned from a magistrate judge to a district judge during the pendency of a motion to dismiss.

For the reasons set forth below, the Court exercises its inherent power to manage its own docket to **EXCUSE** both (1) plaintiff's late filing of his opposition and (2) defendant's failure to timely file a reply or, alternatively, a request for relief from its reply deadline. Defendant may file a reply to plaintiff's opposition within **seven (7)** days of the signature date of this Order.

## ANALYSIS

Defendant electronically filed the Motion via ECF on July 23, 2014, when this case was still assigned to a magistrate judge. ECF automatically sent an email notification to all registered ECF

users that plaintiff's response was due August 6 and that defendant's reply was due August 13. Those are the dates normally provided by Civil Local Rule 7-3, which supplies as a default two weeks for the filing of a response to a motion (either an opposition or a statement of non-opposition) and one week from the filing of any response to file a reply. The reply is optional, though the response is not. *See* Civ. L.R. 7-3. ECF accurately stated the *default* briefing scheduling applicable when all the parties are ECF users and thus receive service of filings via emails that ECF automatically generates and sends. In this case, however, the *pro se* plaintiff was not an ECF user at the time defendant filed its Motion, so the default settings do not control. In fact, plaintiff would not become an ECF user until August 25. (*See* Civ. L.R. 5-1(b); Dkt. No. 25 (granting plaintiff permission to file via ECF only on August 25, 2014).) Thus, pursuant to Civil Local Rules 7-3(a) and 7-3(c), as well as Federal Rule 6(a)(1)(C), plaintiff's response to the Motion actually was due *August 11*, not August 6, and any reply to a response by *August 21*, not August 13.

First, with respect to the August 11 calculation: defendant filed the Motion on July 23, 2014, and the default opposition deadline is "14 days after the motion was filed"—here, August 6. Civ. L.R. 7-3(a). However, Local Rule 7-3(a) provides three additional days to respond when a motion is "not filed and served through" ECF. *Id.* Because plaintiff was not an ECF user at the time defendant file the Motion, plaintiff was not, and could not have been, served with the Motion through ECF. Accordingly, the default response deadline was extended three days by operation of Local Rule 7-3(a). With the three additional days, plaintiff's response deadline of August 6 fell instead on August 9. August 9, however, was a Saturday. Federal Rule 6(a)(1)(C) provides that when a period of time measured in days falls on a "Saturday, Sunday, or legal holiday," it is extended to the end of the next court day—here, Monday, August 11. *See* Fed. R. Civ. P. 6(a)(1)(C). Thus, plaintiff's opposition deadline was Monday, August 11, not, as published by ECF, Wednesday, August 6.[1]

---

[1] The ECF system could be clearer and more accurate in the instructions it gives to parties filing motions. ECF admonishes parties filing motions to refrain from modifying the default opposition filing deadline "only if [they] have a prior court order that sets a different deadline." It also states that the default deadline supplied "is the deadline for motions that are subject to Civil Local Rule 7-3." That is incorrect, of course, in cases where any party at whom the motion is

Turning next to defendant's reply deadline of August 21: under the default, the reply would be due seven days after the due date for the response—here, on August 18. *See* Civ. L.R. 7-3(c). However, because plaintiff was not an ECF user at the time of his response deadline, he would have had to serve any response by means other than ECF. As was the case in the context of the initial motion, service of an opposition or other response by means other than ECF extends by three days the deadline to file any reply. *See id.* Here, that means defendant's reply deadline was Thursday, August 21, not, as published by ECF, Wednesday, August 13.[2]

In sum, the parties' actual filing deadlines were August 11 and 21 but ECF said they were August 6 and 13. Further compounding the confusion, after this case was reassigned to the undersigned judge on August 4, defendant re-noticed its Motion for hearing before the assigned judge. (Dkt. No. 16.) When defendant did so, the response and reply deadlines for the Motion were changed in ECF to August 19 and 26, respectively. (*Id.*) That should not have happened. Reassignment of a case during the pendency of a motion, and subsequent re-noticing or continuance of the hearing date, does not affect the briefing schedule for the pending motion. *See* Civ. L.R. 7-7(d) (unless otherwise ordered, continuing a hearing date "does not extend the time for filing and serving the opposing papers or reply papers"); Dkt. No. 16 (form order reassigning case and stating: "Briefing schedules . . . remain unchanged."). Accordingly, the Clerk reset the opposition and reply dates. However, the dates were reset to the erroneous dates originally generated by ECF, that is, to August 6 and 13 instead of August 11 and 21.

The *pro se* plaintiff appears never to have received notice of the dates the Clerk reset. The Clerk reset them via an unnumbered, administrative docket entry that ECF electronically served upon defendant but, because plaintiff at that time was not an ECF user, not upon plaintiff. No proof of manual service of this entry upon plaintiff appears on the docket. Even if it had been so served, numerous mailed notices to plaintiff had been returned undeliverable at that time. (Dkt. Nos. 18,

---

directed is not an ECF user, for in those cases Civil Local Rule 7-3 has the effect of providing three additional days for any response.

[2] ECF instructs parties filing motions that replies are due "not more than 7 days after the opposition/response is due"—which, again, is incorrect when the opposition or response is served by means other than ECF. Civ. L.R. 7-3(c).

3

20, 21.) Plaintiff bears the fault for his failure to maintain an updated address with the Court, *see* Civ. L.R. 3-11(a), but leaving that aside for present purposes, suffice it to say that it is doubtful the *pro se* plaintiff ever received notice of the erroneously reset August 6 deadline.[3]

Plaintiff manually filed an opposition to the motion on the "renoticed" opposition date of August 19. Had that been the true deadline, plaintiff's opposition brief would have been timely. However, as set forth above, plaintiff's opposition actually was due on August 11, so his opposition technically was eight days late. Still, the *pro se* plaintiff obviously made a good-faith attempt to comply with the deadline as announced to him in the last notice received. Given his *pro se* status, some leniency as to the formalities of procedure is warranted.

As for defendant, it has not yet filed a reply or other document—for example, a motion to strike plaintiff's "untimely" opposition, a stipulation to extend the time to reply, or an administrative motion seeking relief from the reply deadline with the reply brief included as an exhibit (*see* Civ. L.R. 7-11 (authorizing motions for miscellaneous administrative relief)). At the latest, such a document should have been filed by August 29, i.e., seven days after plaintiff filed his opposition plus three additional days to account for the opposition not having been filed via ECF. Defendant, however, has filed nothing. Given that replies are optional, defendant may simply have decided to let plaintiff's opposition pass without comment. However, defendant may also have harbored a mistaken but understandable belief that plaintiff's opposition was untimely filed under the August 13 deadline that the Court erroneously published not once, but twice, and that therefore there was no valid opposition to which defendant might reply. Or defendant may have been uncertain about how to comply with the Local Rules and chosen to do nothing.

The Court perceives that there has been ample ground for confusion about the filing deadlines in this case, along with good-faith (albeit mistaken) efforts by both parties to comply with shifting and erroneously stated deadlines. Given that some of those erroneous statements have emanated from the Court itself and, in at least one instance, apparently were served on defendant but not the *pro se* plaintiff, the Court accepts plaintiff's opposition and will allow defendant to file a reply within **7 days** of the signature date of this Order.

---

[3] Plaintiff has since complied with Local Rule 3-11 by updating his address. (Dkt. No. 27.)

4

**CONCLUSION**

The Court **EXCUSES** plaintiff's late filing of his opposition and defendant's failure to timely file a reply or, alternatively, a request for relief from its deadline. Defendant may file a reply to plaintiff's opposition within **seven (7)** days of the signature date of this Order, as computed by Federal Rule 6. The form but not the timing of any reply shall conform to the requirements of Local Rule 7-3(c).

Pursuant to Local Rule 7-1(b), the Court **VACATES** the motion hearing set for September 30, 2014. The Court will issue a written Order resolving the Motion on the papers.

**IT IS SO ORDERED**.

Date: September 15, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**