MICHAEL R. SIMMONDS (SBN 96238)
msimmonds@snllp.com
LIANA MAYILYAN (SBN 295203)
lmayilyan@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104
Telephone:  (415) 283-1000
Facsimile:   (415) 352-2625

Attorneys for Defendant
Citibank, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERTI MUHO,<br><br>              Plaintiff,<br><br>    vs.<br><br>CITIBANK, N.A.,<br><br>              Defendant. | Case No. 4:14-cv-03219-YGR<br><br>**CASE MANAGEMENT STATEMENT OF DEFENDANT CITIBANK, N.A.**<br><br>Date:  January 12, 2015<br>Time:  2:00 PM<br>Ctrm:  1, 4th Floor, Oakland<br>Judge: Hon. Yvonne Gonzalez Rogers |

Defendant Citibank, N.A. ("Citibank" or "Defendant") submits this CASE MANAGEMENT STATEMENT pursuant to this Court's Standing Order, the Standing Order for All Judges of the Northern District of California dated August 25, 2014, and Civil Local Rule 16-9, and the Clerk's Notice dated October 28, 2014:

1. <u>Jurisdiction and Service</u>:  On June 17, 2014, Citibank was served with or otherwise received the complaint in this action, which Plaintiff had filed in Alameda County Superior Court. Citibank removed the case to this Court on July 16, 2014, on the basis that this Court has original jurisdiction under 28 U.S.C. §§1332(a)(1) and 1332(c), it being an action between citizens of

different states with an amount in controversy allegedly exceeding $75,000, exclusive of interest and costs.

Venue in this District is proper, based on the allegations in the complaint.

2.  <u>Facts</u>:  Citibank respectfully refers the Court to the factual sections of the parties' memoranda on the pending motion to dismiss, which is under submission.  (The Court vacated the hearing pursuant to its Order Clarifying Briefing Schedule, Excusing Late Filings, Vacating Oral Argument, entered September 15, 2014.)

3.  <u>Legal Issues</u>:  Plaintiff contends that Citibank, by refusing to permit withdrawal of funds from a checking account, breached an agreement with Plaintiff, committed conversion and trespass to chattels, intentionally interfered with "economic relations," and intentionally inflicted severe emotional distress.

Citibank contends that the funds in Plaintiff's checking account at issue in this case were effectively stolen from a third party, as has been finally and actually determined in a separate action in the United States District Court for the Southern District of New York; that Citibank did not breach the agreement governing the account, which agreement permits Citibank to refuse a request for withdrawal where it has "some suspicion of fraud, irregularity, or illegality," or where Citibank has "been ordered by a court or other legal process not to permit the withdrawal"; that Plaintiff has not alleged performance by himself or a breach by Citibank; that Plaintiff as a matter of law cannot establish ownership or right of possession with respect to the stolen funds in order to prosecute claims of conversion or trespass to chattels; that cash is not a "chattel"; that the complaint fails to allege any of the elements of intentional interference with economic relations; and that the complaint fails to alleged facts sufficient to state a claim for intentional infliction of emotional distress.

4.  <u>Motions</u>:  On July 23, 2014, Citibank filed a motion to dismiss all claims for relief.

The parties have fully briefed the motion.  The Court has vacated the hearing and indicated it will decide the motion on the papers.

5. **Amendment of Pleadings**:  Citibank does not presently anticipate adding any defenses.  Citibank requests that the Court set a deadline specifying that any motion for leave to amend be filed within thirty (30) days of the Case Management Conference.

6. **Evidence Preservation**:  The Parties have met and conferred and have agreed to preserve evidence relevant to the issues.

7. **Disclosures**:  Neither side has made disclosures under Rule 26.  Citibank requests that no initial disclosures under Rule 26 be required until 14 days after a ruling on its motion to dismiss has been entered.

8. **Discovery**:  Neither side has taken discovery.

9. **Class Actions**:  This is not a class action.

10. **Related Cases**:  Currently, there are no related cases pending.

11. **Relief**:  The complaint seeks compensatory damages of at least $52,040,000 and punitive damages of $250,000,000, plus attorneys' fees, costs of suit, and interest.  Citibank reserves the right to seek its attorneys' fees and costs under all applicable authorities.

12. **Settlement and ADR**:  There have been no settlement discussions and there are no prospects for settlement.  No key discovery is necessary to position the parties to negotiate a resolution.  To comply with the requirements of the Local Rules, the parties have agreed to participate in court-appointed mediation.  Citibank requests that no deadline for mediation be set pending resolution of its pending motion to dismiss.

13. **Consent to Magistrate Judge For All Purposes**:  This case was originally assigned to Magistrate Judge Donna M. Ryu.  Plaintiff did not file a consent, however, and the case was therefore reassigned to Judge Yvonne Gonzalez Rogers on August 4, 2014.

14. <u>Other References</u>:  This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>:  Citibank respectfully suggests that consideration of any narrowing of issues should await determination of the pending motion to dismiss.

16. <u>Expedited Trial Schedule</u>:  This is not the type of case that can be handled under the Expedited Trial Procedures.

17. <u>Scheduling</u>:  Citibank proposes the following dates: Discovery cut off: August 3, 2015; Hearing of dispositive motions: Tuesday, November 3, 2015 at 2:00 p.m.; Designation of experts: December 1, 2015; pretrial conference: Friday, February 12, 2016 at 9:00 a.m.; and Trial: Monday, March 14, 2016 at 8:30 a.m.

18. <u>Trial</u>:  Plaintiff demanded a jury trial in the complaint.  Citibank respectfully suggests that any consideration of pre-trial matters, such as length of trial, await determination of the pending motion to dismiss.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Plaintiff has not yet filed a "Certification of Interested Entities or Persons."  Citibank has filed a Certification of Interested Entities or Persons identifying Citibank, N.A., a national banking association located in Sioux Falls, South Dakota, which is a subsidiary of Citicorp, which in turn is a subsidiary of Citigroup, Inc., a public traded corporation, as having a direct, pecuniary interest in the outcome of this case.

20. <u>Professional Conduct</u>:  All attorneys of record for Citibank have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other Matters</u>.  None at this time.

///

///

1  Dated: January 5, 2015

2  SIMMONDS & NARITA LLP

3

4  By   /s/ Michael R. Simmonds
   Michael R. Simmonds
5  Attorneys for Defendant
   Citibank, N.A.