GERTI MUHO
1100 BISCAYNE BLVD 5303
MIAMI, FL 33132
(212) 300-3826
GM@GMCAPITAL.NET

PLAINTIFF, PRO SE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERTI MUHO,<br><br>      Plaintiff,<br><br>vs.<br><br>CITIBANK N.A.,<br><br>      Defendant. | Case No. 4:14-cv-03219-HSG<br><br>**CASE MANAGEMENT STATEMENT OF PLAINTIFF GERTI MUHO**<br><br>Date: None Set<br>Time:<br>Ctrm: 15, 18th FL, San Francisco<br>Judge: Hon. Haywood S. Gilliam, Jr. |

Plaintiff Gerti Muho ("Plaintiff", "GM" or "Muho") submits this CASE MANAGEMENT STATEMENT pursuant to this Court's Standing Order, the Standing Order for All Judges of the Northern District of California dated August 25, 2014, and Civil Local Rule 16-9 and the Clerk's Notice dated October 28, 2014.

1.    *Jurisdiction and Service*. Plaintiff sued Citibank June 16, 2014 in Alameda County Superior Court on state law and common law causes of action. Plaintiff served Citibank N. A. ("Citibank") the following day at the Citibank branch in Berkeley, California where Plaintiff had opened his Citibank account. Citibank filed a new case by notice of removal with this Court July 16, 2014, and on the same day filed with the Alameda County Superior Court a notice of removal of the case to this Court. Citibank removed the case to this Court on diversity grounds, relying on the Supreme Court's recent ruling that the location that would determine the location of a N.A. for citizenship purposes under 28 USC 1348 was the

location of the N.A.'s headquarters. Citibank's headquarters are located in the State of South Dakota, which made Citibank a citizen of South Dakota for diversity purpose. Plaintiff did not challenge the removal even though Plaintiffs reasons for not naming additional parties that would have ruined diversity were financial and caused by Citibank. Plaintiff made a conscious effort however to avoid removal of the case from State court, and Plaintiff likely left off his complaint causes of action Plaintiff likely has against Citibank under federal law. Citibank served the notice of removal on Plaintiff via Fedex. Venue is proper.

2.  *Facts*. In April 2013, Plaintiff removed Alphonse Fletcher, Jr. ("Fletcher") from a group of foreign hedge funds Plaintiff and Fletcher co-managed since August of 2012. Plaintiffs actions were motivated by the economics and the justice that resulted with Fletcher's removal from Richcourt. Fletcher's undisclosed self-dealings made his removal just and proper. Fletcher's reluctance to pursue Richcourt's rights made his removal economical. Plaintiff did not know then that Fletcher's past undisclosed self-dealings now caused his reluctance to pursue the hedge funds rights.

At the time Plaintiff removed Fletcher, Plaintiff knew little of the hedge funds' past. Plaintiff knew Fletcher a few times had exclaimed that he could destroy Citco Group Ltd. ("Citco"). Citco is administrator, or accountant-custodian to over $1 trillion of private assets worldwide, as Citco once proudly claimed on its website but now removed. Plaintiff saw Citco as an attractive target, if largely unknown to Plaintiff at the time. Plaintiff knew Citco once co-managed with Fletcher the hedge funds Plaintiff now exclusively controls.

Plaintiff also knew at the time that Global Hawk and JP Morgan Chase & Co. ("JP Morgan") were actively avoided topics of discussion and a sources of possible claims against smaller parties. Plaintiff, in all, expected parties that held clear liability to his funds would owe the funds together between $10-$50 million, with $20 million being the likely amount. Needless to say, Plaintiff did not know then of the legal liability parties had buried over two decoades in Plaintiffs hedge funds.

1  After removing Fletcher, Plaintiff tried to downplay the removal away entirely: saying even that

2  Fletcher was guaranteed by the structure a permanent, if nonvoting, seat on the Leveraged Hawk Board.

3  Fletcher never came on board, and the funds lawyers (Walkers LLP, Weill Gotshall & Manges LLP, and

4  Patch & Connelly LLP) all went dark, and in the case of Walkers, returned a few days later only to refuse

5  delivery to the registry of the documents GM had sent it, without cause or reason.

6  Between April and August, attorneys from a dozen plus of the nation's top law firms unjustly

7  attacked Plaintiff in an attempt to steal his rights, generally via fraud. Plaintiff met the challenge and

8  Plaintiff (i) addressed the threats he received from law firm in kind and caused all Cohen & Gresser,

9  Weill Gotshall & Manges, Walkers, and Patch & Connelly to recuse themselves; (ii) registered each of

10  his funds with the Securities & Exchange Commission ("SEC"), the Iaternal Revenue Service, and with

11  each State in which they operated; (iii) contacted the government, gave it 300 gigabytes of original

12  previously withheld, and met with agents of the government twice, each time for a full day, meeting

13  jointly agents from the SEC, the Department of Justice ("DOJ") and from the Federal Bureau of

14  Investigations ("FBI"); and once with the taint teams that shadowed each agency (iv) attended his first

15  deposition and turned it to his advantage (v) filed for registration as a registered investment adviser with

16  the SEC, which registration became effective later in the year (vi) filed his first complaint in federal

17  Court properly alleging claims in excess of $200 million against some of the dirties litigants in the world.

18  Plaintiff respectfully refers the Court to the facts found in Plaintiffs complaint as filed with this

19  Court for events that occurred between mid-August and late July culminated when Plaintiff, who by mid-

20  August of 2013 had achieved hero status, was called in Citibank's motion to dismiss, in Citibank's

21  opening sentence of its first paragraph, a thief who had stolen two plus million by order of Judge Torres.

22  The facts that still escape this story are the facts about why what happened, happened. Why was

23  Plaintiff told to speak with Ivona Sinovic; Or better yet, who was Ms. Sinovic and why did she use a

24  Verizon Wireless cellular phone to speak with customers; and even why Ms. Sinovic's voice mail on her

Verizon cell phone was not set up. Was it because Citibank was afraid that Plaintiff by going after Global Hawk and Jersey (Corsair) would reach the Ottawa deal that depleted a good chunk of Global Hawk's assets that Plaintiffs funds bought? Was it because Citibank had contributed to the depletion of the assets by JP Morgan, FAM, and Citco by keeping an eye shut to their self-dealings notwithstanding duties Citibank may have had to note holders as their principal paying agent of the Ottawa offering.

Or did it have nothing to do with Ottowa, and was instead caused by dealings Citibank had with FAM when it held FAM's Citibank accounts during the 2000's. Well, notwithstanding other reasons Citibank may have had, Ottowa must have played a part into Citibank's actions for JP Morgan would have asked for it.

3. *Legal Issues*. None.

4. *Motions*. None.

5. *Amendment of Pleadings*. Per order of Judge Gilliam dated February 19, 2013 granting selection of mediation further amendment of pleadings only by leave of the Court.

6. *Evidence Preservation*. The parties have agreed to preservation of relevant evidence.

7. *Disclosures*. Citibank has yet to make the required disclosure under Rule 26. Plaintiff believes it causes undue and unnecessary delay for Citibank to withhold the required disclosures given in its response fded September 22, 2014, Citibank conceded Plaintiff by amendment could plead claims that alleged a cause of action (by claiming in its Motion to Dismiss that Plaintiff, even if allowed to amend, would not be able to establish a breach of contract cause of action, whereby in its response to Plaintiffs answer Citibank shifts its claim to Plaintiff should not be allowed to so amend).

8. *Discovery*. Neither side has taken discovery.

9. *Class Actions*. This is not a class action.

10. *Related Cases*. None, after Plaintiffs antitrust action was dismissed sua sponte without prejudice by Judge K. Michael Moore of the Florida Southern District Court for being very badly written and slightly unreal to the extent that it is prone to disbelief.

11. *Relief*. The complaint estimates a fair value of $52,040,000 for actual damages caused by Citibank and for five times the award of actual damages in punishment as punitive damages. Plaintiff foresees the actual amount of damages to increase based on Plaintiffs learning that new claims very likely once existed against previously unknown parties.

12. *Settlement and ADR*. Plaintiff believes there is some prospect for settlement.

13. *Consent to Magistrate Judge For All Purposes*. This case was originally assigned to Magistrate Judge Donna M. Ryu. Plaintiffs consent to the assignment was not given. Judge Yvonne Gonzalez Rogers was assigned to the case August 4, 2014. The Executive Committee of the Ninth Circuit reassigned the case Judge Haywood S. Gilliam Jr. February 13, 2015.

14. *Other References*. This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. *Narrowing of Issues*. Plaintiff attempts to narrow the issues that remain unknown in this Case in the Facts discussion above.

16. *Expedited Trial Schedule*. Plaintiff agrees this case is not suited for handling under Expedited Trial Procedures.

17. *Scheduling*. None is suggested.

18. *Trial*. Plaintiff requested a trial by jury.

19. *Disclosure of Non-party Interested Entities or Persons*. All parties having nonparties with direct, pecuniary interests in this Case have made the necessary disclosures.

20. *Professional Conduct*. Plaintiff has reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. *Other Matters*. None.

Dated: March 2, 2015

_____
GERTI MUHO
PRO SE