1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   GERTI MUHO,                              Case No.  14-cv-03219-HSG

                   Plaintiff,
8
                                             **ORDER GRANTING MOTION TO
9        v.                                  DISMISS**

10  CITIBANK N.A.,                           Re: Dkt. No. 50

                   Defendant.
11

12          *Pro se* plaintiff Gerti Muho ("Muho") initiated this action on June 10, 2014 in California

13  Superior Court, Alameda County, asserting causes of action for: (1) breach of contract; (2)

14  conversion; (3) trespass to chattels; (4) interference with economic relations; and (5) intentional

15  infliction of emotional distress. Dkt. No. 1, Ex. A (the "Complaint").  Muho's lawsuit generally

16  relates to Citibank's decision to deny access to the funds in his deposit account starting in August

17  of 2013.  Defendant Citibank N.A. ("Citibank") removed the case to this Court on July 16, 2014,

18  Dkt. No. 1, and moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 23,

19  2014, Dkt. No. 9.  On January 7, 2015, the Court granted Citibank's motion and provided Muho

20  leave to amend.  Dkt. No. 36.

21          In that order, the Court explained that Muho's claims could not go forward to the extent

22  that they were based on Citibank's compliance with an order issued by the Southern District of

23  New York (the "SDNY Order"), which required Citibank to freeze Muho's accounts.  *Id.* at 4, 10-

24  11.  With respect to Muho's breach of contract claim, the Court instructed Muho that, in order to

25  prevail on a theory of implied contract, he was required to plead factual allegations supporting that

26  claim as well as facts to suggest that the express contract that governs his account is void or was

27  rescinded.  *Id.* at 6-7.  As to Muho's conversion and trespass to chattels claims, the Court found

28  that Muho could not state a claim with respect to Citibank's compliance with the SDNY Order,

United States District Court
Northern District of California

but granted leave to amend "[t]o the extent anything else remains of [these] claim[s]." *Id*. at 7-8.

Muho's interference with economic relations claim, which Muho argued in his opposition was in

fact a claim for interference with contract, was dismissed for failure to meet the heightened

pleading standards of Federal Rule of Civil Procedure 9(b). *Id*. at 9-10. The Court dismissed

Muho's claim for intentional infliction of emotional distress on the grounds that: (1) Citibank's

conduct was not outrageous; and (2) the Complaint did not contain specific factual allegations that

Muho suffered extreme emotional distress as the result of the alleged misconduct. *Id*. at 10.

However, instead of filing an amended complaint as directed by the Court, Muho filed a

notice of appeal with the Ninth Circuit. Dkt. No. 38. The Ninth Circuit dismissed that appeal for

lack of jurisdiction on February 25, 2015. Dtk. No. 44. On March 10, 2015, the Court again

directed Muho to file an amended complaint, providing a March 24, 2015 deadline. Dkt. No. 47.

Muho filed the First Amended Complaint ("FAC") on March 24, 2015. Dkt. No. 49. Citibank

filed a motion to dismiss the FAC on April 7, 2015, Dtk. No. 50, which Muho did not timely

oppose. The Court directed Muho to file an opposition or statement of non-opposition to

Citibank's motion by no later than April 29, 2015. Dkt. No. 52. Muho filed an opposition to the

motion on April 28, 2015, Dkt. No. 53, and Citibank filed a reply on May 5, 2015, Dkt. No. 54.

The Court held a hearing on the matter on June 11, 2015.

Despite adding a sixth cause of action for negligence, the factual allegations contained in

the FAC are largely identical to those alleged in the Complaint, save for the addition of paragraphs

3-19, 22-29, and 100-102. Paragraph three updates the basis for jurisdiction and venue to reflect

that the action is now in federal court. FAC ¶ 3. Paragraphs four through eight discuss Muho's

history as an investment advisor at a company called Leveraged Hawk, Inc. ("Leveraged Hawk").

*Id*. ¶¶ 4-8. Paragraphs nine and ten accuse an unnamed senior vice president of Citibank of

becoming obsessed with Muho's LinkedIn profile, which allegedly began Citibank's attempt to

"terrorize Plaintiff out of existence . . . ." *Id*. ¶¶ 9-10. Paragraphs eleven through thirteen return to

Muho's work at Leveraged Hawk and describe his failed attempts to pass the California bar exam

after his graduation from Berkeley Law School in 2012. Id. ¶¶ 11-13. Paragraphs fourteen

through nineteen contain logically disjointed and often ungrammatical sentences that bear little if

United States District Court
Northern District of California

United States District Court
Northern District of California

1    any relation to the causes of action asserted.  Muho alleges that he was robbed by someone or

2    something named Weingarten, *id*. ¶ 15, that he had emailed an "honest" friend from law school for

3    help editing his pleading (Muho also includes the friend's lengthy email response verbatim), *id*. ¶

4    17, and that Citibank caused Muho to lose "hundreds of millions in lost gains and more pain and

5    sufferings than can be measured by output [sic] of the Fed's printing presses," *id*. ¶ 19.

6          Paragraphs twenty two through twenty nine of the FAC are at least tangentially related to

7    some of the deficiencies identified in the Court's January 7, 2015 order.  In those paragraphs,

8    Muho references a meeting with a Citibank employee at its Berkeley, California branch, where he

9    decided to open an account.  *Id*. ¶¶ 22-23.  During that meeting, Muho states that he and the

10   Citibank employee discussed "shinny debit cards" and the "shiny perks" Citibank offered, but that

11   "nothing else of any consequence" was said.  *Id*. ¶ 23.  Muho alleges that he used his account for

12   four years, and makes the conclusory legal assertion that, by virtue of Citibank providing

13   uninterrupted access to his funds during the period, any "magically binding" contract became

14   implied in fact by the parties' subsequent dealings.  *Id*. ¶¶ 24-26.  Muho further asserts that

15   California law requires a bank to return its depositor's deposits on demand, *id*. ¶ 27 and that,

16   "illegal acts" were done "45 days prior to any case existing, and let alone a court order . . . ," *id*. ¶

17   28-29.  Paragraphs one hundred through one hundred and two assert a cause of action for

18   negligence based on the facts alleged in the preceding paragraphs.  *Id*. ¶¶ 100-102.

19         After considering the arguments made by the parties, both in their papers and during the

20   hearing, the Court finds that the FAC fails to remedy the defects identified by the Court's January

21   7th, 2015 order.  Although Muho provides some further description of the circumstances

22   surrounding the alleged implied contract, *see id*. ¶¶ 22-26, Muho alleges insufficient facts to either

23   support its existence or to create an inference that the express written contract governing his

24   account was either void or rescinded.  Dkt. No. 36 at 7 ("Moreover, 'an action based on an

25   implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express

26   contract covering the same subject matter.") (citing *Lance Camper Mfg. Crop. v. Republic Indem.*

27   *Co*., 44 Cal. App. 4th 194. 203 (1996)).  Nor does the FAC allege that Citibank failed to adhere to

28   its obligations under that express contract.  In short, Muho largely ignored the Court's order and

failed to allege facts suggesting that Citibank acted wrongfully (either tortiously or in violation of a contract) or how Citibank's particular wrongful actions resulted in his injury.  Muho's newly-added negligence cause of action fails on the same grounds.

Accordingly, for the reasons discussed in the Court's January 7, 2015 order, Citibank's motion to dismiss the FAC is **GRANTED**.  Although a court will generally grant leave to amend a dismissed complaint, the court may dismiss without leave to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532 (9th Cir. 2008) (citation omitted).  In this case, Muho was afforded the opportunity to amend his pleading.  Dkt. No. 36; *see also Metzler Inv. GMBH v. Corinthian Colleges, Inc.,* 540 F.3d 1049, 1072 (9th Cir. 2008) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (citation omitted).  Moreover, the Court provided clear instructions on how his claims were deficient and what facts were necessary to survive the pleading stage.  *Id.*  The FAC did not cure those deficiencies.  Instead, Muho inserted pages of irrelevant and confused text that bore little to no relationship to the instant lawsuit.  Muho's failure to plead facts in the FAC that remedy even one of the numerous deficiencies identified in the Court's January 7th order strongly suggests that Muho "had made [his] best case and had been found wanting." *Zucco Partners, LLC v. Digimarc Corp*., 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009).

At base, Muho has sued Citibank for denying access to his account without alleging facts suggesting that the denial was legally or contractually prohibited.  The Court provided express instructions on what facts could possibly state a claim, only for those instructions to go unheeded.  The FAC is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: July 20, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

4